**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KENYATA HARMON**     **PLAINTIFF**

v.     **No. 4:09CV24-DCB-SAA**

**ROBERT STURDIVANT, ET AL.**     **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Kenyata Harmon, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [55] for summary judgment, and Harmon has responded. The matter is ripe for resolution. For the reasons set forth below, the motion [55] by the defendants will be denied.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d

202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Harmon's Factual Allegations**

Though Harmon presents the following allegations in his complaint, he signed neither the complaint itself nor the section stating that the allegations have been made under penalty of perjury. Though he did sign his the brief in support of his response to the instant motion for

summary judgment,[1] he once again did not include a statement that the allegations have been presented under penalty of perjury. As such, none of the allegations Harmon has presented *in writing* constitute proper summary judgment proof sufficient to create a genuine issue of material fact. On the other hand, Harmon did present his allegations under oath at the *Spears* hearing in this case; as such, the allegations from the hearing are sufficient to oppose the motion by the defendants for summary judgment.

During the incidents about which he complains, Harmon was in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary ("MSP"). The defendants were correctional officers at the MSP, sued in both their individual and official capacities.

Harmon alleges that the defendants used excessive force against him in violation of the Eighth and Fourteenth Amendments. On the morning of January 27, 2009, he was housed on the protective custody zone, top tier cell #20, when he observed the defendants, Sturdivant, Harper, Hines, and Ross enter the protective custody zone. The defendants attacked another inmate on the zone by kicking him. Harmon yelled at the defendants and told them they were wrong for their treatment of the inmate, which prompted them to enter his cell. Harmon concedes that he resisted the defendants, but says he did so out of fear. He was then handcuffed, dragged out of his cell and kicked by the defendants causing injuries to his head and back, then taken to another room and kicked some more.

Harmon seeks declaratory and injunctive relief requiring the defendants to refrain from

---

[1] The signature page was inadvertently scanned in as page three of his declaration [63] in opposition to summary judgment)

the use of excessive force. Harmon also seeks compensatory and punitive damages.

### The Defendants' Factual Allegations

The defendants have presented a scenario quite different from the plaintiff's. The MDOC incident report reveals that the defendants discovered a shank when searching Harmon's cell. Harmon then became angry and charged defendant Sturdivant in an attempt to enter the cell. Harper sprayed a single burst of mace at Harmon as he rushed forward, and Harper, Sturdivant, Hines, and Ross wrestled Harmon to the floor to restrain him. Harmon was then escorted to the clinic for treatment, where he complained of injuries to his head and back. Medical examination revealed only minor abrasions on his head, abdomen, and lower back – injuries consistent with the account of the officers subduing an unruly and uncooperative inmate. X-ray testing revealed a normal spine, though Harmon complained of back pain.

Given the divergent accounts by the plaintiff and defendants around the central fact in this case – the circumstances of the use of force against the plaintiff – a summary resolution of this matter is not appropriate. *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). As such, the motion by the defendants for summary judgment will be denied. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the ___12th___ day of July, 2012.

                                                 s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE