```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF MISSISSIPPI
                    GREENVILLE DIVISION
```

KENYATA HARMON                                          PLAINTIFF

VS.                         CIVIL ACTION NO. 4:09-cv-24(DCB)(SAA)

ROBERT STURDIVANT, ET AL.                              DEFENDANTS

<u>ORDER</u>

This cause is before the Court on the defendants' motion to strike the Notice of Attorney Appearance of Wanda Abioto, Esq. **(docket entry 72)**. Having carefully considered the motion, and being fully advised in the premises, the Court finds as follows:

This action originated as a <u>pro se</u> prisoner complaint challenging conditions of confinement, filed March 12, 2009. The case was originally set for trial on September 19, 2011. On September 12, 2011, attorney Wanda Abioto entered her appearance on behalf of the plaintiff (docket entry 42), filed a motion to continue the trial date (docket entry 43), and moved to reopen discovery (docket entry 44). That same day, attorney Abioto filed an entry of appearance styled "Timothy Gunn vs. City of Cleveland" (docket entry 45). Sixteen minutes later, she filed a motion to strike the "Timothy Gunn" appearance as an inadvertent filing.

On September 13, 2011, U.S. District Judge W. Allen Pepper continued the trial to July 30, 2012. Also on September 13, 2011, in light of the continuance, Magistrate Judge S. Allan Alexander granted the plaintiff's motion to reopen discovery and set a motion

deadline of March 30, 2012. Magistrate Judge Alexander also granted the plaintiff's motion to strike the erroneous "Timothy Gunn" appearance (docket entry 45). Apparently, both appearances, docket entries 42 and 45, were stricken, instead of docket entry 45 only. From this point forward, attorney Abioto was terminated as counsel of record and deleted from the ECF system.

The case was reassigned to the undersigned district judge on February 21, 2012.

On March 23, 2012, the defendants filed a motion for summary judgment. Magistrate Judge Alexander entered an Order dated March 30, 2012, finding that "because plaintiff is proceeding without counsel" he would be allowed 21 days to respond to the defendants' motion. The plaintiff filed a pro se response to the motion for summary judgment on April 23, 2012.

On June 26, 2012, the trial was reset for July 31, 2012.

On June 27, 2012, the defendants filed affidavits supplementing their motion for summary judgment.

On July 5, 2012, attorney Abioto contacted the Clerk's Office by telephone to advise that she should not have been terminated as attorney of record, since her September 12, 2011, motion to strike (and the September 13, 2011, Order granting that motion) referred only to the "Timothy Gunn" entry of appearance (docket entry 45). The Clerk's Office promptly re-added attorney Abioto to the ECF system and cleared the pro se flag.

By Order of July 12, 2012, the Court denied the defendants' motion for summary judgment.

Attorney Abioto re-filed her notice of appearance on July 13, 2012.

In their motion to strike appearance, the defendants contend that attorney Abioto withdrew her entry of appearance, and is now trying to re-enter the case two weeks before trial. The defendants omit from their motion any mention of docket entry 42, the original entry of appearance which has never been withdrawn by the plaintiff nor by his attorney since it was filed on September 12, 2011.

The Court finds it unusual that from September 13, 2011, to July 5, 2012, there was, apparently, no communication between the plaintiff and his attorney; nor was there any inquiry to the Court by the plaintiff concerning his apparent lack of representation (Magistrate Judge Alexander's Order of March 30, 2012, stated that "plaintiff is proceeding without counsel"); nor was there any inquiry to the Court by the attorney concerning the status of her client's case. Nevertheless, the removal of attorney Abioto from the Court's ECF system cannot be attributed to her or to her client. The defendants' motion is therefore not well taken and shall be denied.

Accordingly

IT IS HEREBY ORDERED that the defendants' motion to strike the Notice of Attorney Appearance of Wanda Abioto, Esq. **(docket entry**

**72)** is DENIED.

SO ORDERED, this the 17th day of July, 2012.

                                                     /s/ David Bramlette
                                                   UNITED STATES DISTRICT JUDGE